**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Miami Division**

CASE NO: _____

EVELYN GONZALEZ as wife and
Personal Representative of the Estate of
NOEL GONZALEZ TORRES, deceased,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, EVELYN GONZALEZ, as wife and Personal Representative

of the Estate of NOEL GONZALEZ TORRES, deceased, by and through her undersigned counsel

and sues the Defendant, CARNIVAL CORPORATION, hereafter referred to as CARNIVAL, and

alleges as follows:

### GENERAL ALLEGATIONS

1.    That this is an action for damages which exceeds Seventy-Five Thousand

($75,000.00) Dollars, and the court has diversity jurisdiction pursuant to *28 USC §1332*.

2.    That this court has initial jurisdiction pursuant to *28 USC §1333* and the General

Maritime Laws of the United States.

3.    That at all times material, the Plaintiff, Evelyn Gonzalez, was a citizen and

resident of Orlando, Florida.

1

4. That Evelyn Gonzalez was the lawful wife of the decedent, Noel Gonzalez, having been married on February 28, 2001.

5. That Evelyn Gonzalez is the duly appointed Personal Representative of the Estate of Noel Gonzalez, having been so appointed and Letters of Administration having been issued on July 24, 2023. Attached hereto as Composite Exhibit 1 are the relevant Orders. Evelyn Gonzalez brings this action in her capacity as Personal Representative for her own benefit and that of their daughter, Aidalis Gonzalez.

6. That Aidalis Gonzalez was the daughter of the decedent and her date of birth is February 5, 1999.

7. That at all times material, the Defendant, CARNIVAL, had a principal place of business in Miami-Dade County, Florida and at all times was the owner/operator of the *Carnival Liberty.*

8. That on or about October 21, 2022, Noel Gonzalez, the husband of the Plaintiff herein, boarded the *Liberty* in Port Canaveral, Florida for a 3-day cruise.

9. That in the early morning hours of October 24, 2022, on the last day of the cruise and while the *Liberty* was in the port in Port Canaveral, Noel Gonzalez went into cardiac arrest and collapsed at the beverage station on deck 9 aft. He collapsed in full view of several crew members of Defendant.

10. That despite desperate pleas from Mr. Gonzalez' family and other passengers, the Carnival crew members took no action to attempt to revive or assist Mr. Gonzalez in any way.

11. That instead, a female passenger believed to be a nursing student, went to Mr. Gonzalez's aid and attempted to do CPR on him in an effort to revive him, while crew members

stood by and did nothing.

12.     That there was a time delay of approximately thirty minutes before the medical staff of the ship arrived on the scene.

13.     That Brevard County Fire Rescue was also dispatched to the scene.

14.     That when Brevard County Fire Rescue arrived at the ship, there were a series of mishaps which delayed their access to Mr. Gonzalez and their ability to provide medical assistance to him. These included, but are not limited to:

(a)  The gangway to the ship was not in place. Upon placement of the gangway, they were met by ship security, who informed them that they did not know where the patient was located. Security had the fire rescue crew stage at the door to the infirmary with the understanding that Mr. Gonzalez would be brought there.   After 9-11 minutes, security decided to bring the crew to deck 9.

(b) The stretcher would not fit into the elevator without collapsing it and security was advised to find a bigger elevator to transport Mr. Gonzalez down;

(c)   The elevator stopped at other floors on the way up to deck 9, despite the fact that the fire rescue team asked security to take control;

(d)   Although the elevator that the crew provided to take Mr. Gonzalez down was big enough to fit the stretcher and the crew, it only went down to deck 2, so Mr. Gonzalez had to be carried on a backboard down two (2) flights of stairs while the stretcher was collapsed and put in a different elevator.

15.     That Fire rescue was unable to revive Mr. Gonzalez and he was pronounced dead at Cape Canaveral Hospital.

16.     That Noel Gonzalez is survived by his wife, Evelyn Gonzalez, and daughter, Aidalis Gonzalez.

17.     That because the negligence of the Defendant as described below occurred while the ship was in port in Port Canaveral, the Florida Wrongful Death Act, Florida Statute 768.16, et. seq. applies and Plaintiff is entitled to recover the damages permitted by General Maritime Law as enhanced by the damages permitted by the Florida Wrongful Death Act.

18.     That at all times material, the Defendant, CARNIVAL and its employees owed a duty of reasonable care for the safety and well-being of its passengers, including but not limited to the duty to act promptly and appropriately when faced with a medical emergency by summoning emergency medical support without delay and by assuring swift access to a passenger in distress.

19.     That the Defendant, CARNIVAL, by and through its employees, including the ship's physicians, breached the duty of care which it owed to the Plaintiff and was negligent in one or more of the following ways:

(a)   In failing to immediately call for emergency medical attention;

(b)   In failing to recognize the severity of the condition suffered by Noel Gonzalez;

(c)    In failing to provide emergency medical care to Noel Gonzalez;

(d)    In standing by and observing instead of actively taking steps to address the emergency;

(e)   In failing to properly train its crew members on how to react and respond in emergency medical situations, including but not limited to how to do CPR and use a defibrillator;

(f)   In failing to immediately call for and use a defibrillator to attempt to restore a normal heartbeat to Noel Gonzalez;

(g)     In depending upon a passenger to perform CPR on Noel Gonzalez;

(h)     In causing delays that prevented the Brevard County Fire Rescue crew from reaching Noel Gonzalez upon their arrival and therefore further delaying efforts to revive him.

20.     That as a direct and proximate result of the negligence of the Defendant as described above, Noel Gonzalez died. Evelyn Gonzalez has sustained losses including but not limited to loss of support and services, loss of companionship and protection, mental pain and suffering, medical and funeral expenses arising out of the death of her husband, Noel Gonzalez.

21.     That the decedent's daughter, Aidalis Gonzalez, has sustained losses, including but not limited to, loss of support and services, loss of parental companionship, instruction and guidance and mental pain and suffering arising out the death of her father, Noel Gonzalez.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, together with costs of this action, prejudgment interest, and any other relief deemed just and appropriate by this Honorable court.   Furthermore, Plaintiff demands trial by jury of all matters so triable as a matter of right.

DATED:   March 6, 2024

Respectfully submitted,

WAKS & BARNETT, P.A.
Counsel for Plaintiff
8531 SW 139th Terrace
Palmetto Bay, FL   33158
Tel: (305) 271-8282
Fax: (786)732-3219

By:   */s/ Joel M. Barnett*__
        JOEL M. BARNETT
         FBN: 248428
         E-mail: Joel@waksbar.com
                Mary@waksbar.com

5